UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco Javier RUIZ–GODINEZ,
Defendant–Appellant.

No. 05–2162.

United States Court of Appeals,
Tenth Circuit.

Dec. 2, 2005.

David C. Iglesias, U.S. Attorney, Office of the United States Attorney District of New Mexico, Norman Cairns, U.S. Attorney's Office, Albuquerque, NM, for Plaintiff–Appellee.

Francisco Javier Ruiz–Godinez, Milan, NM, pro se.

Before BRISCOE, LUCERO, and MURPHY, Circuit Judges.

## ORDER*

MICHAEL R. MURPHY, Circuit Judge.

Francisco Javier Ruiz–Godinez, a federal inmate appearing *pro se*, seeks to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The matter is before this court on Ruiz–Godinez's request for a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1)(B) (providing that no appeal may be taken from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because Ruiz–Godinez has not made a "substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2) (providing that a COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right").

On May 4, 2001, the district court entered judgment against Ruiz–Godinez, sentencing him to a 108–month term of

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

imprisonment for his conviction on drug conspiracy charges. Ruiz–Godinez filed the instant § 2255 motion on February 28, 2005, asserting that the district court improperly enhanced his sentence through the utilization of judge-found facts in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Relying on this court's decision in *United States v. Price,* 400 F.3d 844, 849 (10th Cir.2005), the district court concluded neither *Blakely* nor *Booker* applied retroactively on collateral appeal. Hence, the district court dismissed Ruiz–Godinez's motion with prejudice and granted judgment in favor of the respondent United States.

This court cannot grant Ruiz–Godinez a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted). In evaluating whether Ruiz–Godinez has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller–El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Ruiz–Godinez is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Ruiz–Godinez's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the frame-

work set out by the Supreme Court in *Miller–El* and concludes that Ruiz–Godinez is not entitled to a COA. The district court's resolution of Ruiz–Godinez's claim is not reasonably subject to debate and the claim is not adequate to deserve further proceedings. This court has specifically and explicitly held that neither *Blakely* nor *Booker* applies retroactively on collateral review. *Price,* 400 F.3d at 849; *United States v. Bellamy,* 411 F.3d 1182, 1188 (10th Cir.2005). Accordingly, Ruiz–Godinez has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **DENIES** Ruiz–Godinez's request for a COA and **DISMISSES** this appeal.